UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BART S., <br><br>             Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of the Social Security Administration, <br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS** <br><br> Case No. 2:24-cv-00445 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Bart S.[1] brought this action for judicial review of the of the denial of his application for disability insurance benefits by the Commissioner of the Social Security Administration.[2] The administrative law judge (ALJ) who addressed Mr. S.'s application determined he did not qualify as disabled.[3] Mr. S. argues the ALJ erred by making inconsistent findings regarding the severity of his knee impairment.[4] But any such error is harmless where the ALJ proceeded through the remaining steps of the sequential

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the court refers to the plaintiff by first name and last initial only.

[2] (*See* Compl., Doc. No. 1.)

[3] (Certified Tr. of Admin. R. (Tr.) 17–23, Doc. No. 7.)

[4] (Opening Br. 4, Doc. No. 8.)

evaluation and adequately considered Mr. S.'s knee impairment in subsequent steps. Accordingly, the Commissioner's decision is affirmed.[5]

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides for judicial review of the Commissioner's final decision.  This court reviews the ALJ's decision to determine whether substantial evidence supports his factual findings and whether he applied the correct legal standards.[6]  "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."[7]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[8] Although the evidentiary sufficiency threshold for substantial evidence is "not high," it is "more than a mere scintilla."[9]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10]  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an

---

[5] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.  (Doc. No. 6.)

[6] *See* 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[7] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).

[8] *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation modified).

[9] *Id.* at 103 (citation omitted).

[10] *Id.* (citation omitted).

administrative agency's findings from being supported by substantial evidence."[11]  And the court may not reweigh the evidence or substitute its judgment for that of the ALJ.[12]

## APPLICABLE LAW

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" expected to result in death or last for at least twelve consecutive months.[13] An individual is considered disabled only if his impairments are so severe, he cannot perform his past work or "any other kind of substantial gainful work."[14]

In determining whether a claimant qualifies as disabled, the ALJ uses a five-step sequential evaluation, considering whether:

1) the claimant is engaged in substantial gainful activity;

2) he has a severe medically determinable physical or mental impairment;

3) the impairment is equivalent to an impairment precluding substantial gainful activity (listed in the appendix of the relevant disability regulation);

4) he has the residual functional capacity to perform past relevant work; and

---

[11] *Lax*, 489 F.3d at 1084 (citation omitted).

[12] *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

[13] 42 U.S.C. § 423(d)(1)(A).

[14] *Id.* § 423(d)(2)(A).

> 5) he has the residual functional capacity to perform other work, considering his age, education, and work experience.[15]

In the first four steps, the claimant has the burden of establishing disability.[16] And at step five, the Commissioner must show the claimant retains the ability to perform other work in the national economy.[17]

## PROCEDURAL HISTORY

Mr. S. applied for disability insurance benefits under Title II of the Social Security Act,[18] alleging he became disabled on June 15, 2018.[19] After an administrative hearing,[20] the ALJ issued a decision denying benefits.[21]

The ALJ evaluated whether Mr. S. was disabled from June 15, 2018 (his alleged onset date) through March 31, 2019 (his last insured date).[22] At step two of the sequential evaluation, the ALJ found that during this period, Mr. S. had the severe impairments of "degenerative disc disease of the lumbar spine; degenerative joint

---

[15] *See* 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

[16] *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

[17] *Id.*

[18] 42 U.S.C. §§ 401–434.

[19] (*See* Tr. 17.)

[20] (*See* Tr. 28–60.)

[21] (Tr. 17–23.)

[22] (*See* Tr. 23.)

disease; [and] knee osteoarthritis."[23] He then stated Mr. S. also had the following nonsevere impairments: "degenerative joint disease of the knee, history of shoulder surgery, chronic gastritis and hypertension."[24] At step three, the ALJ found Mr. S.'s impairments did not meet or medically equal an impairment listing.[25]

The ALJ then found Mr. S. had the residual functional capacity (RFC) to perform "sedentary work," except that he could "occasionally balance, stoop, kneel, crouch and crawl," and could "occasionally climb ramps or stairs, but [could] never climb ladders, ropes or scaffolds."[26] At step four, based on this RFC finding and the testimony of a vocational expert, the ALJ found Mr. S. could perform past work as a mortgage loan officer.[27] Accordingly, the ALJ found Mr. S. not disabled and denied his claim.[28] This decision became final when the Appeals Council denied Mr. S.'s request for review.[29]

## ANALYSIS

Mr. S. raises a single contention of error: he argues the ALJ erred at step two of the sequential evaluation by making inconsistent findings regarding the severity of his

---

[23] (Tr. 19.)

[24] (Tr. 20.)

[25] (*Id.*)

[26] (*Id.*)

[27] (Tr. 23.)

[28] (*Id.*)

[29] (Tr. 1–3.)

knee impairment.[30] Mr. S. points out the ALJ found his "degenerative joint disease" and "knee osteoarthritis" to be severe impairments, but then stated his "degenerative joint disease of the knee" was nonsevere.[31] He asserts these statements directly conflict.[32]

Even assuming the ALJ's findings at step two were internally inconsistent, or that he failed to accurately categorize Mr. S.'s knee impairment, any error was harmless. An ALJ's "failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe."[33] This is because "[a]s long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step."[34] And after step two, the ALJ must consider the limiting effects of both severe and nonsevere impairments.[35] In other words, so long as the ALJ proceeds beyond step two and considers all impairments in later steps, the failure to find a particular impairment severe is harmless.

Here, the ALJ proceeded beyond step two and considered Mr. S.'s knee impairment in later steps of the sequential evaluation. At step three, the ALJ found Mr. S.'s "knee impairment does not meet or equal listing 1.18 because [he] has not

---

[30] (Opening Br. 4–5, Doc. No. 8.)

[31] (*Id.* at 4.)

[32] (*Id.* at 5.)

[33] *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016).

[34] *Id.*; *see also* 20 C.F.R. § 404.1520(a)(4).

[35] *Allman*, 813 F.3d at 1330; *see also* 20 C.F.R. § 404.1545(a)(2) (providing all medically determinable impairments, including nonsevere impairments, are considered when assessing residual functional capacity).

demonstrated a documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands."[36]  Mr. S. does not challenge this finding.  Likewise, the ALJ considered Mr. S.'s knee impairment in assessing residual functional capacity.  The ALJ acknowledged Mr. S.'s claim that he could not work because of knee problems—specifically noting Mr. S. reported he could not walk, stand, or sit in one place for very long and experienced pain.[37]  The ALJ also discussed treatment records relating to Mr. S.'s knee pain and joint issues, noting Mr. S. consistently reported pain control with medication.[38]  The ALJ concluded the evidence in the record, including Mr. S.'s "activities of daily living and improvement that [he] experienced with treatment," were consistent with the assessed RFC.[39]  Mr. S. does not challenge any of these findings or the RFC assessment itself.  Nor does he challenge the ALJ's determination at step four that, based on the assessed RFC, Mr. S. was capable of past work.

Under these circumstances, where the ALJ proceeded beyond step two and adequately considered Mr. S.'s knee impairment at subsequent steps, any error at step two was harmless.

---

[36] (Tr. 20.)

[37] (Tr. 21.)

[38] (Tr. 21–22.)

[39] (Tr. 23.)

## CONCLUSION

The Commissioner's decision is affirmed.

DATED this 15th day of September, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge